IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **10-cv-660-JLK**

**ENTERPRISE MANAGEMENT LIMITED, INC., and
MARY LIPPITT, Ph.D.,**

    Plaintiffs,

v.

**DONALD WARRICK, Ph.D, an individual,**

    Defendant.

**ORDER RE PENDING MOTIONS AND SETTING PRETRIAL CONFERENCE**

Kane, J.

A Pretrial Conference in this matter is set for **December 15, 2011 at 1:30 p.m. in Courtroom A802**, on the 8th Floor of the Alfred A. Arraj U.S. Courthouse, 901 19th Street.  Pursuant to my standing order regarding pretrial and trial procedures, *see* Memorandum to Counsel from Senior Judge John L. Kane Re: Pretrial and Trial Procedures, dated March, 2011, the parties are required to jointly prepare and submit to the Kane Chambers email account[1] a proposed Pretrial Order, in editable format.  The proposed Pretrial Order shall also be filed in .pdf form through the normal CM/ECF process.

In setting this Pretrial Conference, I am aware of the pendency of several motions for partial dismissal/summary judgment:  (1) Defendant's Motion to Dismiss (Doc. 50) and

---

[1] Kane_Chambers@cod.uscourts.gov

Motion for Summary Judgment (Doc. 52) directed to Plaintiff's unfair competition claim; (2) Defendant's Motion for Partial Summary Judgment (also characterized as a motion in limine) for a legal determination that Plaintiff has released all claims arising from Defendant's activities as an employee of the University of Colorado (Doc. 51); and Defendant's Motion for Summary Judgment on Plaintiffs' Copyright Infringement Claim (Doc. 53).  Plaintiff has filed no response to either Motion directed to her unfair competition claim, and those Motions appear to be confessed.  With regard to Docs 51 and 53, I advise the parties of my impressions as follows:

I have reviewed carefully Defendant's Motion (Doc. 51) related to Plaintiff's settlement with the University and related release.  I find that Motion well-founded and unpersuaded by Plaintiff's response and related authorities.  Plaintiff's actionable claims in this case will be limited to those related to Defendant Warrick's wrongful use of her proprietary materials in activity *unrelated* to his employment and teaching at the University.  Unless otherwise convinced between now and the time of trial, I specifically agree with Defendant that sales of Mr. Warrick's course materials at the CU Bookstore, even if they included Plaintiff's proprietary work at the time, were related to his employment with the University of Colorado and were therefore covered by Plaintiff's release.

I am not yet prepared to rule on Defendant's Motion directed to Plaintiff's copyright claim, but will endeavor to do so before the Pretrial Conference.  Note that my pretrial procedures generally require parties to submit proposed jury instructions thirty (30) days after the Pretrial Conference.

A trial date will be set at the Pretrial Conference.  The referenced Motions will remain

pending until formally addressed either at the Conference or before.


Dated:  October 28, 2011.                            **s/John L. Kane**
                                                     SENIOR U.S. DISTRICT JUDGE