IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action **No. 10-cv-00660-JLK-KMT**

**ENTERPRISE MANAGEMENT LIMITED, INC.**, and
**MARY LIPPITT**

    Plaintiffs,

v.

**DONALD W. WARRICK,**

    Defendant.

---

## ORDER

---

Kane, J.

    This matter is before me on Plaintiffs' January 24, 2012 Motion for Leave to Amend Complaint (Doc. 87), as corrected January 26, 2012 (Doc. 92). The Motion, filed on Plaintiffs' behalf by counsel only recently retained, seeks to "clarify and amplify" that Plaintiffs' allegations in this two-year-old case have always supported a claim under the federal Lanham Act, which Plaintiffs seek formally to add to their Complaint. Plaintiffs invoke Fed. R. Civ. P. 15(a) to characterize their Motion as an attempt "to amend their pleadings to conform to the evidence provide during discovery," but argue the more stringent Rule 16(b)(4) standard for amending pleadings after discovery and dispositive motions deadlines have run is also met in this case. I disagree, and DENY the Motion.

### BACKGROUND

    As set forth in my January 25 Order setting briefing on the Motion to Amend (Doc. 90), this case is already two years old. Plaintiffs have change counsel several times, discovery and

1

dispositive motion deadlines have passed, and summary judgment has been entered on all of Plaintiffs' claims except the state law invasion of privacy claim, which is the subject of a pending Motion to Dismiss. The present kerfuffle arose after I directed counsel to confer regarding the submission of a new Pretrial Order consistent with the rulings made at the December 15, 2011 Pretrial Conference, and Plaintiffs terminated the attorney who was representing them at the time and replaced him with counsel intent on pursuing the Lanham Act angle.

Defendant strongly objects to the Motion to Amend. Defendant derides the contention that the proposed amendment "merely conforms" the pleadings to facts and discovery already concluded and argues the addition of a new claim at this late date is unwarranted and utterlacking in good cause. Even if there were justification for Plaintiffs' delay in casting their March 2010 allegations in terms of trademark infringement and "consumer confusion" rather than the now-defunct claims for unfair competition and copyright infringement, Defendant asserts the amendment would be futile because the claim lacks merit on the factual record already developed. I agree.

## DISCUSSION

At set forth in my January 25 Order, Plaintiffs' Motion to amend her pleadings after all pretrial deadlines have passed implicates standards much higher than those that typically apply under Rule 15(a)(2). *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)(leave to amend after the deadline for amending pleadings has passed implicates Fed. R. Civ. P. 16(b)(4) and will be given only upon a showing of "good cause"). Accordingly, Plaintiffs must satisfy a two-part test to amend their Complaint: First, they must demonstrate they have "good cause" for seeking modification to the scheduling deadline pursuant to Rule 16(b)(4); and

second, upon demonstrating "good cause," they must then satisfy the requirements of Rule 15(a)(2). *Id.*

To demonstrate "good cause" Plaintiffs must show that the scheduling deadline could not have been met despite Plaintiffs' diligent efforts. *See* Advisory Comm. Notes to 1983 Am. to Fed. R. Civ. P. 16(b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). "If [a] party is not diligent, the [good cause] inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, Plaintiffs argue they have demonstrated good cause for four reasons: (1) the amendment that Plaintiffs seek supports evidence presented in discovery; (2) the amendment clarifies Plaintiffs' original claim for misappropriation and likeness; (3) the Plaintiffs did not demonstrate undue delay in filing the amendment; and (4) Plaintiffs did not know that their claim for misappropriation would be limited to the state law cause of action until Defendant filed his motion to dismiss. None of these reasons is persuasive, either by itself or cumulatively.

Plaintiffs rely heavily on the court's analysis in *Rehberg v. City of Pueblo*, No. 10-cv-00261-LTB-KLM, 2011 WL 4102287 (D. Colo. Sept. 14, 2011) to support their Motion to Amend. In *Rehberg*, the court focused primarily on the "undue delay" requirement of Rule 15, 2011 WL 4102287, at *3, mentioning Rule 16(b)(4) only in passing. *Id.* at *7 ("Assuming, *arguendo*, that Plaintiff must satisfy Rule 16(b)(4) to amend his complaint, I conclude for the reasons explained above that Plaintiffs has done so."). Given my clear instruction to focus on Rule 16(b)(4)'s more stringent "good cause" standard (*see* Order for 1/25/2012 (Doc. 90)), *Rehberg* is unhelpful.

Given the circumstances of this case, I will not conflate Rule 16 and Rule 15. When the

deadline to file pleadings has expired, consideration of a whether to permit a new claim to be added begins with Rule 16(b)(4)'s "good cause" requirement and whether plaintiff was diligent in the discovery and timely characterization of his claims. *See Pumpco, Inc.*, 204 F.R.D. at 668 (citing *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000)). Here, Plaintiffs delayed not only past the deadline for amending pleadings, but past the dispositive motions deadline and after summary judgment on their copyright claim had been sought and granted. If the amendment here is sought "merely to conform" the pleadings with facts learned in discovery, then it logically follows that Plaintiffs knew all that was necessary to notify Defendant of the Lanham Act characterization before litigating Defendant's motion for summary judgment. If it is sought because the Lanham Act claim is premised on "the same set of facts and circumstances set forth in the original Complaint," then the claim could have been included there.

Further, the fact new counsel has appeared on the scene does not constitute "good cause" for untimely amendment. *See Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC,* 219 F.R.D. 516, 521 (D. Colo. 2003) ("That new counsel is dissatisfied with the state of the case it inherited is not" good cause for action requested "long after the court-ordered deadlines have passed."). Whether Plaintiffs' Motion is an attempt to correct an oversight by previous counsel or his tactical decision to articulate Plaintiffs' claims in terms of copyright rather than tradename infringement, neither fact establishes or excuses the lack of "diligence" necessary to support the untimely amendment they seek. *See Pumpco, Inc.*, 204 F.R.D. at 668 ("good cause" requires the moving party to show that despite diligent efforts, the scheduling deadline could not reasonably been met at the time it expired). The change of counsel is irrelevant to my analysis under Rule 16(b)(4).

Finally, I observe the speciousness of Plaintiffs' assertion that Defendant would suffer "no undue prejudice" were the requested amendment allowed "because th[e] [Lanham Act] claim arises under the same facts and circumstances pled in the original complaint." Corrected Mot. (Doc. 92) at 4. To the contrary, the amendment *would* prejudice Defendant, who has not only defended against Plaintiffs' copyright claims for two years, but has secured summary judgment on that claim based on Plaintiffs' failure to adduce evidence to support its essential elements. To allow the requested amendment would require Defendant to reopen his defense and tackle a completely different theory of relief on the same record, namely, that his use of Ms. Lippitt's "Chart" was wrongful not because she held a valid copyright in the material, but because his use of it "is likely to cause confusion" and "deceive" consumers as to the "affiliation, connection, or association of Warrick with Lippitt." *See* Mot. (Doc. 92) at 5-6. "Consumer confusion" is a term of art and an essential element of a false designation of origin/"passing off"/infringement claim under the Lanham Act. *See* 15 U.S.C. § 1125(a)(1)(a) (applied and discussed in *Vail Assocs., Inc. v. Ventd-Tel-Co., Ltd.*, 516 F.3d 853, 857-59 (10th Cir. 2008)). It injects an entirely new series of facts into this case – i.e., the existence or likelihood that consumers would confuse Professor Warrick's materials for Ms. Lippett's or deceive them into thinking Ms. Lippitt sponsored or approved Warrick's work – that have neither been tested in discovery nor in dispositive motions practice.[1] The prejudice such a change would visit on Mr. Warrick at this late stage of the proceedings, far from "none," is manifest.

## CONCLUSION

---

[1] While it is not necessary to deciding the Motion, the record in this case permits no inference, let alone a plausible one, of consumer confusion and the amendment sought is undoubtedly futile on the merits of a Lanham Act claim.

Plaintiffs have failed to demonstrate the required level of diligence to satisfy Rule 16(b)(4)'s "good cause" requirement for amending their pleadings after the scheduling deadline for doing so has expired.  At this stage of the proceedings – nearly two years into the case and after both scheduling and dispositive motions deadlines have passed – it would be manifestly unjust *to* allow the amendment.

The Motion to Amend (Doc. 87), is DENIED.


Dated: April 3, 2012.                              **s/John L. Kane**
                                                   SENIOR U.S. DISTRICT JUDGE