IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action **No. 10-cv-00660-JLK-KMT**

**ENTERPRISE MANAGEMENT LIMITED, INC.**, and
**MARY LIPPITT**

  Plaintiffs,

v.

**DONALD W. WARRICK,**

  Defendant.

## ORDER DENYING MOTION FOR ATTORNEY FEES (Doc. 111)

Kane, J.

  This matter is before me on Defendant Donald Warrick's Motion for Attorney Fees and Costs (Doc. 111). Defendant, as the prevailing party on Plaintiff's copyright and state law unfair competition claims, seeks an award of his reasonable attorney fees under 17 U.S.C. § 505 and Colo. Rev. Stat. § 13-17-102. I deny the Motion.

  Section 505 of the federal Copyright Act provides that the court, "in its discretion," may allow the recovery of "full costs by or against any party other than the United States" and "may also award a reasonable attorney's [sic] fee to the prevailing party as part of the costs." The Colorado attorney fee statute, requires the Court to award reasonable attorney fees against any attorney or party who has brought or defended a civil action that the court "determines lacked substantial justification." Colo. Rev. Stat. § 13-17-102. An action "lacks substantial justification" when it is substantially frivolous, groundless, or vexatious. § 13-17-102(4).

  I decline the invitation under either federal or state statute to shift the traditional

obligation under the "American Rule" that litigants pay their own attorney fees, win or lose, which is "deeply rooted in our history." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 271 (1975).  The Court's rulings in Defendant's favor did nothing one way or the other to advance the public policies inherent in copyright law and Plaintiff's state law claims were not sufficiently frivolous, groundless, or vexatious to justify an order requiring her to pay Defendant's attorney fees.

Defendant's Motion for Attorney Fees (Doc. 111) is DENIED.  Defendant was and remains entitled to his costs as the prevailing party in this litigation under Fed. R. Civ. P. 54(d)(1).

Dated: May 10, 2012                                          **s/John L. Kane**
                                                             SENIOR U.S. DISTRICT JUDGE