IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00660-JLK-KMT

ENTERPRISE MANAGEMENT LIMITED, INC., and
MARY LIPPITT, Ph.D.,

    Plaintiffs,

v.

DONALD W. WARRICK, Ph.D., an individual

    Defendant.

## ORDER

This matter is before the court on Plaintiffs' "Expedited Motion to Strike September 16, 2013 Order of Magistrate Judge Tafoya and Request for Recusal of Magistrate Judge Tafoya" [Doc. No. 135]. This motion was referred to this court by Senior District Judge John L. Kane on September 19, 2013. [Doc. No. 136.]

Plaintiffs complain that this court's order of September 16, 2013 declining to set a second settlement conference, demonstrated bias against the Plaintiffs and contained untrue statements concerning a confidential settlement statement Plaintiffs submitted to the court. Further, Plaintiffs assert the court's order improperly revealed confidential information. [See Doc. No. 132, hereinafter "Order".] After review of the Order, this court disagrees.

Following a referral by the District Court, this court required the parties to submit confidential settlement statements to determine whether the case had changed from its posture after the first settlement conference in March 2011 such that a further settlement conference would be of value. [Doc. No. 128.] After careful review of the statements submitted, this court determined that a second settlement conference would not be helpful and attempted in the Order to state the reasons for this conclusion without revealing confidences. The court stated, for instance, "further settlement negotiations would not likely be successful or helpful due to the intransigence of one or more of the parties." This phrase was carefully chosen <u>not</u> to single out any single party but to suggest that at least one party and perhaps all parties are unwilling to change their assessment of the case in such a way that settlement is likely to be achieved. This statement implies neither good nor bad behavior but rather that the case does not appear amenable to settlement because of the parties' entrenched positions. Similarly, the court's observation "the appellate mediation resulted in ultimate offers of settlement as unproductive as those offered in 2011 with this court" does not single out either party but states simply that the parties were unwilling to come together on a settlement figure or terms with help from the appellate mediator.

This court does not agree that the cost of going to trial on a copyright infringement case is confidential in any way. Costs are no doubt equally high for both parties. In this court's opinion, the high cost associated with litigating this case through trial on both sides is not justified when compared to the likely size of any potential recovery. The fact that plaintiff was unwilling to conform with this court's requirement of personal attendance at a settlement

conference is not a confidential fact. Had the court set a settlement conference and had Ms. Lippit, for herself and as representative of her company, wished to be excused from personal attendance, she would have been required to file a public motion so stating and asking for an appearance by telephone or otherwise. This kind of motion is rarely, if ever, granted by this court. Therefore, the fact that Plaintiff did not wish to expend funds to travel to Colorado for a settlement conference was and is an appropriate consideration for the court.

Finally, the plaintiff claims the court is biased against her simply because the court noted that Plaintiffs have been represented by several different attorneys. The lack of continuity of counsel is a matter of public record and, while not solely determinative of the value of holding another settlement conference, is a factor which can be legitimately considered by the court when considering whether to set the matter for further mediation with different counsel.

Under 28 U.S.C. § 455, a judge is required to disqualify herself in any proceeding in which her impartiality might reasonably be questioned. Pursuant to 28 U.S.C. § 455(a), a judge shall also disqualify herself where she has a personal bias or prejudice concerning a party. But a judge has a duty to preside when there is no legitimate reason to recuse, *Bryce v. Episcopal Church of the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir.2002), and 28 U.S.C. § 455 affords litigants no veto power over sitting judges or for obtaining a judge of their choice. *United States v. Cooley*, 1 F .3d 985, 993 (10th Cir.1993). "Unsubstantiated suggestions, speculations, and opinions are insufficient to establish even the appearance of any bias, prejudice, or misconduct that would warrant judicial recusal." *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1204 (10th Cir.2006).

I conclude that Plaintiff's motion to recuse rests solely on misapprehension of the language in the Order. This court spent approximately five and one-half hours trying to help the parties settle their dispute on March 18, 2011. [See Doc. No. 32.] Recently, this court spent more time to read and review the parties' new statements, anticipating that another settlement conference would be undertaken. The undersigned Judge's impartiality cannot reasonably be questioned in this case in light of the file and record. Further, there is little, if any, further involvement this court is likely to have in this case. Discovery is closed and the case awaits the outcome of the now scheduled private mediation or the potential setting of a pretrial conference and a trial before Judge Kane should the mediation be unsuccessful.

Accordingly if is ORDERED

Plaintiffs' "Expedited Motion to Strike September 16, 2013 Order of Magistrate Judge Tafoya and Request for Recusal of Magistrate Judge Tafoya" [Doc. No. 135] is DENIED.

Dated this 20th day of September, 2013.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge